UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-567-HEA |
| | ) | |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Donald McCray, an inmate at Robertson Unit in Abilene, Texas, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons explained below, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* with an attachment indicating the institution refused his request for an account statement. ECF No. 4-1 at 2. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

2

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff brings this civil case against the Internal Revenue Service (IRS) and Jerome B. Young. ECF No. 1. Mr. Young is described to be an Account Manager for the IRS at the Kansas City, Missouri branch. *Id.* at 1, 3-4. Plaintiff generally alleges defendants "denied the entitlement-right to [a] tax refund." *Id.* at 3. The exact allegations against the IRS and Mr. Young are difficult to interpret as plaintiff's Statement of Claim is formatted without the use of complete sentences. Plaintiff provides:

> Since : January : 2023. After the : Internal Revenue Service (I.R.S.) VIR: Jerome B. Young, Accounts Management at Kansas City, Missouri – Required (A) : 1040, income tax form to be (used) in order to receive (A) income tax refund that was (denied) by act of law librarian : Janet Snodgrass – placed in the possession of the Robertson Unit, Law Library by the (I.R.S.) as ordered by U.S. President Donald Trump – Due to : Attempted (Capital) Murder with : Intent, to : Escape from (A) : Texas – Prison, crime committed by plaintiff : Donald McCray that cause the defendant : (I.R.S.) VIR : Jerome Young, to : refuse plaintiff, request to be

3

> provided/given, (A) : 1040 income tax form and investigate, the : motive, of : Janet Snodgrass, in addition to reporting the (Capital) : Murder, crime to the local (F.B.I.) Office for criminal investigation for : Crime of Treason, and : State Government, Ki[d]napping, as required by (Federal – Law) that (now) have cause the attempt to Kill – murder, New York U.S. District Judge : Kiyo A. Matsumoto in Brookly[n] by the plaintiff.

*Id.* at 4-5. For relief, plaintiff seeks "the sum of 1.5 million in damages and punitive damages." *Id.* at 4.

Attached to plaintiff's complaint are the following documents: (1) a form from the Texas Department of Criminal Justice indicating plaintiff was housed under a Level I restriction; (2) an additional thirteen-page narrative formatted similar to his Statement of Claim; (3) a summary of plaintiff's tax filling from 1979 to 1981; (4) a letter from the IRS related to his $1,400 stimulus check; and (4) a blank IRS Form 3911. ECF No. 1-1 to 1-6.

On May 16, 2023, the Court received a handwritten document titled, "Petition for Joint-Party to Make (A) : Defendant," in which plaintiff seeks to add "Janet Snodgrass and Clerk [] Miller" as parties to this action. ECF No. 5. The Court will construe this filing as a motion to amend the complaint to add two defendants, and will deny the request as moot. A party is permitted to amend the complaint once, as a matter of course, any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15. No responsive pleading has been filed in this case. Thus, plaintiff may, without permission of the Court, file an amended complaint adding, removing, and/or substituting any defendants.

## Discussion

It is not apparent from plaintiff's complaint whether he is seeking a refund from the IRS or if he is contesting the IRS's requirement for the use of a specific tax form. In any event, unless Congress has specifically authorized an agency of the federal government, such as the IRS, to be

4

sued in its own name, an action may not be maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is *not* a suable entity. *See, e.g., Higgins v. U.S.*, 2003 WL 21693717 at \*1 (E.D. N.Y. May 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the Treasury and the IRS are not entities subject to suit). "District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915-16 (8th Cir. 1998). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.

Additionally, agents of the IRS cannot be sued for monetary relief. *See Acevedo v. United States*, 2008 WL 2098129, at \*2 (E.D. Mo. May 16, 2008); *Williams v. I.R.S.*, 2007 WL 1965545, at \*2 (E.D. Mo. July 2, 2007) ("the law does not allow such an action for monetary damages arising out of the performance by federal agents of their official duties."). Here, defendant Young is alleged to be an agent of the IRS who, in his official capacity, informed plaintiff he must use a specific tax form to receive a refund. Thus, the allegations against defendant Young fail to state a claim.

Even if plaintiff had filed suit against the United States, the Court notes that it appears that plaintiff has failed to exhaust his administrative remedies with respect to his claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer may only file suit for a refund after the

taxpayer has filed an administrative claim for a refund. 26 U.S.C. § 7422(a).[1] If the administrative

claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within

the time constraints provided in 26 U.S.C. § 6532(a)(1). Compliance with these requirements is

jurisdictionally required of the taxpayer before initiating the lawsuit. Here, the complaint fails to

state any facts to meet the jurisdictional requirements of the statute. Plaintiff does not assert he has

filed an administrative claim for a refund. Thus, to the extent that this case can be construed as a

refund action, this Court appears to lack subject matter jurisdiction to decide the claim. In light of

the aforementioned, plaintiff will be required to show cause, within thirty (30) days of the date of

this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF

No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00

within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original

proceeding.

---

[1] Section 7422(a) states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

**IT IS FURTHER ORDERED** that plaintiff's "Petition for Joint-Party to Make (A) : Defendant" construed as a motion to amend his complaint to add parties to this action [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing, within **thirty (30) days** from the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 7th  day of June, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE