**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DONALD MCCRAY,              )
                                 )
          Plaintiff,          )
                                 )
     vs.                   )       Case No. 4:23-cv-567-HEA
                                 )
INTERNAL REVENUE SERVICE, et al.,  )
                                 )
          Defendants.      )

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on the mandate of the United States Court of Appeals for the Eighth Circuit in an interlocutory appeal by plaintiff Donald McCray. ECF Nos. 7-8. For the following reasons, the Court directs plaintiff to respond to the June 7, 2023 Order to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

On April 28, 2023, self-represented plaintiff Donald McCray, an inmate at Robertson Unit in Abilene, Texas, filed this civil case against the Internal Revenue Service (IRS) and Jerome B. Young. ECF No. 1. Mr. Young was identified as an Account Manager for the IRS at the Kansas City, Missouri branch. *Id.* at 1, 3-4. Plaintiff generally alleged defendants "denied the entitlement-right to [a] tax refund." *Id.* at 3. For relief, plaintiff sought "the sum of 1.5 million in damages and punitive damages." *Id.* at 4.

On May 16, 2023, the Court received a handwritten document titled, "Petition for Joint-Party to Make (A) : Defendant," in which plaintiff appeared to request permission to add "Janet Snodgrass and Clerk [] Miller" as parties to this action. ECF No. 5. The Court construed the filing as a motion to amend the complaint to add two defendants. The Court denied the request as moot explaining that a plaintiff is permitted to amend the complaint once, as a matter of course, any time

before a responsive pleading is served. ECF No. 6  (citing Fed. R. Civ. P. 15). Because no

responsive pleading had been filed in this case, the Court informed plaintiff that he may, without

permission, file an amended complaint adding, removing, and/or substituting any defendants.[1]

The Court also reviewed plaintiff's complaint under 28 U.S.C. § 1915(b)(1) and found it

was subject to dismissal for the following reasons:

> It is not apparent from plaintiff's complaint whether he is seeking a refund from the
> IRS or if he is contesting the IRS's requirement for the use of a specific tax form.
> In any event, unless Congress has specifically authorized an agency of the federal
> government, such as the IRS, to be sued in its own name, an action may not be
> maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952).
> Congress has not specifically authorized suit against the IRS. Therefore, it is *not* a
> suable entity. *See, e.g., Higgins v. U.S.*, 2003 WL 21693717 at *1 (E.D. N.Y. May
> 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v.
> Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the
> IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*,
> 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the
> Treasury and the IRS are not entities subject to suit). "District courts lack subject-
> matter jurisdiction over claims against the Government to which Congress has not
> consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915-16 (8th Cir.
> 1998). Because the IRS cannot be subject to suit, a case against the agency must be
> dismissed because this Court does not have jurisdiction over the claims.
>
> Additionally, agents of the IRS cannot be sued for monetary relief. *See Acevedo v.
> United States*, 2008 WL 2098129, at *2 (E.D. Mo. May 16, 2008); *Williams v.
> I.R.S.*, 2007 WL 1965545, at *2 (E.D. Mo. July 2, 2007) ("the law does not allow
> such an action for monetary damages arising out of the performance by federal
> agents of their official duties."). Here, defendant Young is alleged to be an agent
> of the IRS who, in his official capacity, informed plaintiff he must use a specific tax
> form to receive a refund. Thus, the allegations against defendant Young fail to state
> a claim.
>
> Even if plaintiff had filed suit against the United States, the Court notes that it
> appears that plaintiff has failed to exhaust his administrative remedies with respect
> to his claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer
> may only file suit for a refund after the taxpayer has filed an administrative claim
> for a refund. 26 U.S.C. § 7422(a). If the administrative claim is denied, the taxpayer
> may then file a tax refund suit in the district court, but only within the time

---

[1] The Court notes plaintiff has since filed three documents, ECF Nos. 13-15, none of which resemble an amended complaint.

constraints provided in 26 U.S.C. § 6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit. Here, the complaint fails to state any facts to meet the jurisdictional requirements of the statute. Plaintiff does not assert he has filed an administrative claim for a refund. Thus, to the extent that this case can be construed as a refund action, this Court appears to lack subject matter jurisdiction to decide the claim. **In light of the aforementioned, plaintiff will be required to show cause, within thirty (30) days of the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.**

ECF No. 6 at 4-6 (emphasis added).

On July 7, 2023, plaintiff filed a "Motion to Issue (A): Certificate of Appealability," which the Court construed as a notice of appeal. ECF Nos. 7, 8. On September 12, 2023, the United States Court of Appeals for the Eighth Circuit filed a Judgment dismissing the appeal for lack of jurisdiction. ECF No. 16. The mandate was issued on October 11, 2023. ECF No. 17.

Now that plaintiff's interlocutory appeal has been reviewed and dismissed by the Eighth Circuit, this Court directs plaintiff to respond to the June 7, 2023 Opinion, Memorandum and Order and show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause in writing, within **thirty (30) days** from the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

3

**IT IS FURTHER ORDERED** that failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further notice from the Court.

Dated this 13th day of October, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE