## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DONALD MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-567-HEA |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On October 13, 2023, the Court ordered plaintiff to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. A response was due within thirty days. Plaintiff has not complied. Therefore, for the reasons discussed below, this action will be dismissed.

Self-represented plaintiff Donald McCray, an inmate at Robertson Unit in Abilene, Texas, filed this civil case against the Internal Revenue Service (IRS) and Jerome B. Young, an account manager for the IRS. ECF No. 1. Plaintiff appeared to allege defendants denied him the right to a tax refund. For relief, plaintiff sought "the sum of 1.5 million in damages and punitive damages." *Id.* at 4.

On May 16, 2023, plaintiff filed a motion requesting to add "Janet Snodgrass and Clerk [] Miller" as parties to this action. ECF No. 5. On June 7, 2023, the Court construed the filing as a motion to amend the complaint, and denied the request as moot explaining that a plaintiff is permitted to amend the complaint once, as a matter of course, any time before a responsive pleading is served. ECF No. 6  (citing Fed. R. Civ. P. 15). Because plaintiff was an *in forma*

*pauperis* litigant, the Court also reviewed plaintiff's complaint under 28 U.S.C. § 1915(b)(1) and found it was subject to dismissal for the following reasons:

> It is not apparent from plaintiff's complaint whether he is seeking a refund from the IRS or if he is contesting the IRS's requirement for the use of a specific tax form. In any event, unless Congress has specifically authorized an agency of the federal government, such as the IRS, to be sued in its own name, an action may not be maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is *not* a suable entity. *See, e.g., Higgins v. U.S.*, 2003 WL 21693717 at *1 (E.D. N.Y. May 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the Treasury and the IRS are not entities subject to suit). "District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915-16 (8th Cir. 1998). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.
>
> Additionally, agents of the IRS cannot be sued for monetary relief. *See Acevedo v. United States*, 2008 WL 2098129, at *2 (E.D. Mo. May 16, 2008); *Williams v. I.R.S.*, 2007 WL 1965545, at *2 (E.D. Mo. July 2, 2007) ("the law does not allow such an action for monetary damages arising out of the performance by federal agents of their official duties."). Here, defendant Young is alleged to be an agent of the IRS who, in his official capacity, informed plaintiff he must use a specific tax form to receive a refund. Thus, the allegations against defendant Young fail to state a claim.
>
> Even if plaintiff had filed suit against the United States, the Court notes that it appears that plaintiff has failed to exhaust his administrative remedies with respect to his claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer may only file suit for a refund after the taxpayer has filed an administrative claim for a refund. 26 U.S.C. § 7422(a). If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within the time constraints provided in 26 U.S.C. § 6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit. Here, the complaint fails to state any facts to meet the jurisdictional requirements of the statute. Plaintiff does not assert he has filed an administrative claim for a refund. Thus, to the extent that this case can be construed as a refund action, this Court appears to lack subject matter jurisdiction to decide the claim.

ECF No. 6 at 4-6 (emphasis added). Consequently, the Court ordered plaintiff to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. *Id.* at 6.

Rather than showing cause as directed, plaintiff filed a "Motion to Issue (A): Certificate of Appealability," which the Court construed as a notice of appeal. ECF Nos. 7, 8. On September 12, 2023, the United States Court of Appeals for the Eighth Circuit filed a Judgment dismissing the appeal for lack of jurisdiction. ECF No. 16. The mandate was issued on October 11, 2023. ECF No. 17. Thus, on October 13, 2023, the Court directed plaintiff to respond to the June 7, 2023 Opinion, Memorandum and Order which directed him to show cause, in writing, as to why this case should not be dismissed for lack of subject matter jurisdiction. The Court provided him with thirty days, or by November 13, 2023, to respond. He was warned that a failure to timely comply would result in the dismissal of this action without prejudice and without further notice.

As of the date of this Opinion, Memorandum and Order, plaintiff has not complied with the Court's directive to show cause, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's October 13, 2023 Order and his failure to prosecute his case. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a self-represented litigant's action for failure to comply with a court order on its own initiative).

This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of November, 2023.

                                              HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE